IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DENISE PRATT                                                          PLAINTIFF

V.                                              CIVIL ACTION NO. 3:04CV208-D-A

PHARMNET, INC.; ROGER BEARDAIN;
AND STANLEY DEVINE                                                  DEFENDANTS

## ORDER

This case comes before the court on the following motions:

1. Plaintiff's motion to strike pretrial exhibits and witnesses;

2. Plaintiff's motion to strike supplementation of discovery; and

3. Defendant's motion to strike witness and exhibit listed by plaintiff in pretrial order.

Upon due consideration of the motions, responses, supporting materials and the docket in this case, the court is ready to rule.

Plaintiff's motions to strike

On September 11, 2006, a final pretrial conference was held before the undersigned in this case. Counsel for all parties expressed concern over specific exhibits and witnesses listed by opposing parties in their respective drafts of the final pretrial order. At the direction of the court the parties filed motions to strike relating to the exhibits and/or witnesses they claim either are improper or were not disclosed in discovery. Plaintiff filed a motion to strike pretrial exhibits and witness and then a motion to strike supplementation of discovery. These motions were filed

on September 13, 2006 and September 14, 2006, respectively, and ask that the court strike exhibits D-3, the Division of Medicaid Provider Policy Manual regarding DME provider documentation ("the manual"), and D-9, a copy of plaintiff's handwritten notes regarding profits derived from the sale of diabetic shoes, and Larry Hardy as a witness. The plaintiff claims that the exhibits were not produced during discovery and that Mr. Hardy should be prohibited from testifying as his testimony, "just as the original document request from Reliant [would be] irrelevant and non-discoverable" pursuant to the court's October 19, 2005 order. According to the plaintiff, the fact that the court held that a subpoena to Reliant, plaintiff's former employer, should be quashed as the information sought would be against the "forbidden purpose" of Rule 404, that is that evidence of plaintiff's alleged "disruptive behavior" to prove that it is more likely than not that she engaged" in similar behavior during her employment with the defendants is prohibited under the rules of evidence.

Because defendant concedes the plaintiff's motion as it relates to D-9, plaintiff's handwritten notes regarding profits derived from sales of diabetic shoes, the plaintiff's motion to strike pre-trial exhibits and witnesses shall be granted as it relates to this exhibit.

Regarding exhibit D-3, the manual, the defendants claim that there was no obligation to produce the manual in discovery as it is a public document, it was not generated or kept by the defendants in the course of their business, it is available via the internet and is as accessible to the plaintiff as it is the defendants. Further, defendants argue that the plaintiff, in her capacity as a pharmacist, has knowledge of the document and its contents as well as its use in the pharmacy business. Finally, defendants state that they attached a copy of the manual to their motion for summary judgment filed on June 23, 2006, and the plaintiff has certainly known of the document

2

and its contents as of that date, did not object to the manual as support for the summary judgment motion and therefore would not be prejudiced by its introduction as evidence during trial.

In general, a party, during the discovery phase of a case, may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ," Fed. R. Civ. P. 26(b)(1), including "the existence, description, nature, custody, condition and location of any books, documents, or other tangible things. . . ." *Id.* Pursuant to Rule 26(a)(1)(B), a party is required to produce a "copy of, or a description by category and location of, all documents . . . in the possession custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." In addition, a party must provide to other parties "an appropriate identification of each document or other exhibit" the party intends to offer at trial. Fed. R. Civ. P. 26(a)(3)(C). In this case, the defendant argues that it had no obligation to provide the manual to the opposing party during discovery because it is a public document. There is simply no supporting authority for this argument. The defendant also argues that the manual was disclosed to the plaintiff by way of its use as an exhibit in support of the defendants' motion for summary judgment, thus the plaintiff, who failed to object to the document's use in relation to the summary judgment motion, has had ample knowledge of the document and its contents and would not pe prejudiced by its use.

In determining whether violation of Rule 26 requiring disclosure of evidence is harmless, such that the evidence may be used at trial despite non-disclosure during discovery, the court must consider four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the evidence to be used at trial; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the

evidence. Fed.R.Civ.P. 26(a), (e)(1), 37(c)(1); *United States v. $9,041,598.68,* 163 F.3d 238 (5th Cir.1998). In the instant case, there has been no showing by the defendants of the importance of the manual or the explanation, if any, for their failure to disclose the existence of the manual. The plaintiff has been aware of the existence of the manual at the very least since June 23, 2006 – approximately two weeks after the close of discovery – and likely prior to that date as it is used in her employment as a pharmacist, so there is little risk for prejudice to the plaintiff if the manual is used at trial. Finally, the grant of a continuance is not within the undersigned's discretion and does not appear to be a suitable remedy for this particular circumstance. The court finds that the manual without doubt should have been disclosed in discovery. Further, the defendants' lack of explanation for their failure to disclose or a showing of the importance of the manual as evidence to support its case, is curious and falls below minimum practice standards required by the Rules. However, review of the materials before the court and the record in this case, particularly the fact that the plaintiff knew or should have known of the manual and its contents and application to her employment, the court finds that there is no harm in allowing the manual to be used as evidence in this case.

The plaintiff next moves to strike Larry Hardy as a witness. Plaintiff admits that defendants listed Hardy as an individual with discoverable information regarding plaintiff's employment at Reliant Pharmacy Services in the defendants' third supplemental pre-discovery initial disclosures filed on January 12, 2006. On October 19, 2005, the court granted a motion to quash a subpoena issued by the defendants to Reliant in which the defendants sought information relating to plaintiff's employment, termination and subsequent wrongful termination and retaliatory discharge lawsuit brought by plaintiff against Reliant. According to plaintiff, the fact

that the court granted the motion to quash, holding that the subpoena was "simply a search for anyone who can testify to the plaintiff's character for untruthfulness and events bearing on plaintiff's veracity that will survive a Rule 403 objection, which will likely preclude impeachment derived from the alleged 'disruptive behavior,' allowing Hardy to be listed as a witness is also inappropriate. While the plaintiff is correct that the court's order is very pointed in its discussion that the chance that the information requested in defendant's subpoena to Reliant would be allowed as evidence during trial even only for impeachment purposes is extremely remote, such a chance does remain. It is undisputed that Hardy was listed by the defendants during discovery. Not knowing what information he may be called on to relay at trial, the court finds that he may remain on the defendants' witness list; of course the admissibility of his testimony, if he is indeed called to testify at trial, is an issue that may then be decided by the trial judge. The plaintiff's motion to strike exhibits and witness listed in the pretrial order is granted as to defendants' exhibit D-9 and denied as to defendants' exhibit D-3 and witness Larry Hardy.

The plaintiff's second motion to strike, entitled "motion to strike supplementation of discovery," seeks to strike documents that were produced via facsimile on September 14, 2006. While the defendants admit that the documents were not timely disclosed and have not, at this time, listed them as an exhibit in the proposed Final Pretrial Order, they have requested the opportunity to include the documents as a potential exhibit. The discovery deadline in this case was April 7, 2006. The final Pretrial Conference was held on September 11, 2006. The subject documents, consisting of eight typed pages and a cover letter, were not produced until after the final pretrial conference. Despite the defendants' statement that the documents were previously

5

thought to have been subject to the attorney/client privilege and/or the work product doctrine, the documents were not and have not been produced in this case until the case was drawing to a close. To allow their inclusion at this late juncture would undoubtedly be prejudicial. Accordingly, the plaintiff's motion to strike these documents shall be granted.

<u>Defendants' motion to strike witness and exhibit listed in pretrial order</u>

Defendants filed their motion to strike witnesses and exhibit listed by plaintiff in the pretrial order on September 14, 2006 seeking an order striking witnesses Steve Pate and Dr. Rena Azar, M.D., and plaintiff's exhibit of a prescription for a CPAP machine delivered to plaintiff's father-in-law. Defendants argue that plaintiff failed to identify Pate in her pre-discovery disclosures, that Dr. Azar should be prohibited from testifying as the court previously held that plaintiff did not properly designate her an expert, treating physician, and that the prescription for the CPAP machine was not disclosed in discovery. The plaintiff has responded that she should be allowed to call Steve Pate because his identity was previously disclosed by informal supplementation from plaintiff's previous counsel; she contends that Dr. Azar, while not properly designated as a treating physician, is and was listed as an individual with discoverable information and should be allowed to testify as a fact witness; finally, she asserts that the prescription for the CPAP machine was disclosed with disclosures provided by her previous counsel. Plaintiff provides no letters or other documentation to prove that Mr. Pate was ever disclosed as an individual with knowledge or that the prescription for the CPAP machine was provided in discovery by her previous counsel. Instead, she simply states such as fact. The defendants have replied that the plaintiff is incorrect and that such disclosures were not made by plaintiff's former counsel. Without any evidence by way of affidavit from plaintiff's former

6

counsel, cover letter from former counsel regarding discovery, or any other such documentation, the court declines to simply accept plaintiff's assertions as true. Further, while it is true that Dr. Azar was listed as an individual with knowledge, the court held on May 4, 2006, that she was not properly designated as a treating physician and that she would not be permitted to testify as such. The plaintiff may not now, after not properly designating, and not responding to the motion to strike expert designation previously filed, attempt to elicit testimony from Dr. Azar that has previously been prohibited. To date, plaintiff has not identified Dr. Azar as an individual with knowledge of the facts and circumstances of this case outside of her capacity as a physician. There is no evidence that Dr. Azar has any personal knowledge of plaintiff and her employment with the defendants or any other information outside of her role as a physician that would have any bearing on this case. It would be patently unfair to allow plaintiff a proverbial second bite at the apple to allow Dr. Azar to testify at the trial of this case where there is no evidence that her testimony would be relevant outside of the purpose for which it was previously prohibited. Accordingly, the court finds that Dr. Azar should be stricken as a witness in this case.

## CONCLUSION

In accordance with this order and the reasons stated herein, it is

ORDERED:

1. That the plaintiff's motion to strike is granted as to defendants' exhibit D-9 but is denied as to exhibit D-3 and witness Larry Hardy;

2. Plaintiff's motion to strike supplementation of discovery is granted;

3. Defendants' motion to strike witnesses and exhibits listed by plaintiff in the

pretrial order is granted.

THIS, the 13th day of October.


                                                       /s/ S. ALLAN ALEXANDER
                                               UNITED STATES MAGISTRATE JUDGE